UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE SANCHEZ and JOSE ANGEL GARCIA, on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) v. ) ) NORTH SHORE BAKING CORP. and ) TEHIYA BENEZRA, individually, ) ) Defendants. ) | Case No. Judge |

## COMPLAINT

Plaintiffs Jose Sanchez ("Sanchez") and Jose Angel Garcia ("Garcia") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, through their attorneys, and for their Complaint against North Shore Baking Corp. ("North Shore") and Tehiya Benezra, individually ("Benezra") (collectively "Defendants"), state as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiff Garcia brings an individual claim under the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-040 and 1-24-020 ("CMWO"), for Defendants' failure to pay him the required overtime pay and minimum wages.

2. Plaintiffs and other similarly-situated, current and former employees worked for Defendants as bakers.

1

3. During the prior three years, Defendants required Plaintiffs and other bakers to work more than forty (40) hours in one or more individual work weeks.

4. In one or more work weeks during the previous three (3) years, Defendants failed to pay Plaintiffs and other similarly situated bakers overtime wages as required by the FLSA and IMWL at the rate of one and one-half times their regular rate of pay for the time they worked in excess of forty (40) hours in one or more individual work weeks.

5. In one or more work weeks during the previous three (3) years, Defendants also failed to pay Plaintiff Garcia the minimum wages required by the CMWO.

6. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b), pursuant to 28 U.S. C § 1331.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' claims occurred in this judicial district.

9. This Court has supplemental jurisdiction over Plaintiffs' Illinois and City of Chicago overtime claims pursuant to 28 U.S.C. § 1367.

## PARTIES

10. Plaintiff Sanchez resides in and is domiciled in this judicial district.

11. Plaintiff Garcia resides in and is domiciled in this judicial district.

12. Defendant North Shore is an Illinois corporation.

13. Defendant Benezra is the owner and operator of North Shore, located at 2919 W. Touhy, Chicago, IL 60645, within this judicial district.

14. Defendant Benezra is involved in the day-to-day business operations of Defendant North Shore.

15. Ms. Benezra hires and fires employees, directs and supervises the work of employees, signs on North Shore checking accounts, including paychecks, and makes decisions regarding employee compensation and capital expenditures.

16. Defendant North Shore is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

17. Defendant North Shore is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

18. During the last three years, Defendant North Shore's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

19. During the course of their employment with Defendant North Shore, Plaintiffs handled goods, including perishable food products that moved in interstate commerce.

20. Defendant North Shore was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

21. Defendant North Shore was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

22. Defendant North Shore was Plaintiffs' "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

23. Plaintiffs were Defendant North Shore's "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

24. Plaintiffs were Defendant North Shore's "employees" as defined by the IMWL, 820 ILCS 105/3(d).

25. Plaintiffs were Defendant North Shore's "employees" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

26. Defendant Benezra was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

27. Defendant Benezra was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

28. Defendant Benezra was Plaintiffs' "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

29. Plaintiffs were Defendant Benezra's "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

30. Plaintiffs were Defendant Benezra's "employees" as defined by the IMWL, 820 ILCS 105/3(d).

31. Plaintiffs were Defendant Benezra's "employees" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

32. Defendant Benezra resides in this judicial district.

## FACTUAL BACKGROUND

33. Plaintiff Sanchez was employed by Defendants from approximately December 22, 1997 and March 31, 2017 and again between April 2017 and May 17, 2018.

34. Plaintiff Garcia was employed by Defendants from approximately September 21, 2013 and March 31, 2017 and again between February 2018 and May 17, 2018.

35. Between approximately July 2015 and approximately November 2015, Plaintiff Garcia was paid $600 a week for approximately seventy-two (72) hours of work a week, or $8.33 per hour.

36. Between approximately March 2016 and approximately March 2017, Plaintiff Garcia was paid $700 a week for approximately seventy-two (72) hours of work a week, or $9.72 per hour.

37. The applicable minimum wage in the City of Chicago was $10.00 per hour after July 1, 2015, $10.50 per hour after July 1, 2016 and $11.00 per hour after July 1, 2017.

38. In one or more weeks during the prior three (3) years, Plaintiffs worked for Defendants in excess of forty (40) hours in an individual work week.

39. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiffs overtime pay at a rate of one and one-half times their regular rate of pay (or one and one-half times the higher of the applicable local or Illinois minimum wage) when they worked more than forty (40) hours per work week.

40. Instead, Plaintiffs were paid their straight time regular rate for all time worked.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

41. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 207, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly

5

situated bakers their owed overtime.

42. During their employment with Defendants, Plaintiffs worked in excess of forty (40) hours in one or more individual work weeks.

43. During their employment with Defendants, other similarly situated bakers worked in excess of forty (40) hours in one or more individual work weeks.

44. During their employment by Defendants, Plaintiffs were not exempt from the overtime pay provisions of the FLSA, 29 U.S.C. § 207.

45. During their employment by Defendants, other similarly situated bakers were not exempt from the overtime provisions of the FLSA.

46. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours individual work weeks.

47. Pursuant to 29 U.S.C. § 207, other similarly situated bakers were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours individual work weeks.

48. When Plaintiffs worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiffs at one and one-half times their regular rate of pay. Instead, Defendants paid Plaintiffs their straight time regular hourly rate of pay for all time worked.

49. When similarly situated bakers worked over forty (40) hours in individual work weeks, Defendants failed to pay them at one and one-half times their regular rate of pay. Instead, Defendants paid similarly situated bakers their straight time regular hourly rate of pay for all time worked.

50. Defendants' failure to pay overtime wages for hours Plaintiffs worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

51. Defendants' failure to pay overtime wages for hours other similarly situated bakers worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207

52. Defendants' violation of the Fair Labor Standards Act was willful.

53. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and other similarly situated bakers have suffered a loss of income and other damages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A determination that Plaintiffs and other similarly situated bakers were not exempt from the overtime provisions of the FLSA;

B. Judgement in the amount of overtime wages owed to Plaintiffs and all other similarly situated bakers who opt-in to this action pursuant to 29 U.S.C. § 216(b);

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

54. This court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

55. The matters set forth in this Count arise from Defendants' violation of the

overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

56. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay.

57. At no time during their employment by Defendants were Plaintiffs exempt from the overtime provisions of the IMWL.

58. During their employment with Defendants, Plaintiffs worked in excess of forty (40) hours in one or more individual work weeks.

59. When Plaintiffs worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiffs were paid their straight-time regular rate of pay for all time worked.

60. Defendants violated the IMWL by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

61. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages of two percent (2%) of the amount of underpayment per month.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times the regular rate for all unpaid hours Plaintiffs worked in excess of forty (40) hours per week;

B. Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.      Prejudgment interest on the wages owed to the Plaintiffs;

    D.      Reasonable attorneys' fees and costs incurred in bringing this action; and

    E.      Such other and further relief as this Court deems appropriate and just

## COUNT III
### Violation of the City of Chicago Minimum Wage Ordinance – Overtime Wages
### (Plaintiff Garcia Only)

Plaintiffs hereby reallege and incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

62. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

63. This count arises from Defendants' violation of the overtime wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-040. Plaintiff Garcia brings this action pursuant to Chapter 1-24, Section 1-24-110.

64. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-040, for all time Plaintiff Garcia worked for Defendants in excess of forty (40) hours in individual work weeks, he was entitled to be compensated at one and one-half times the then applicable City of Chicago Minimum Wage.

65. Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff Garcia at one and one-half times the then applicable City of Chicago Minimum Wage for all time Plaintiff Garcia worked in excess of forty (40) hours in one or more individual workweeks.

66. Between approximately July 2015 and November 2015, Plaintiff Garcia was paid $600 a week for seventy-two (72) hours of work a week, or $8.33 per hour, which was $1.67 less than the required minimum wage.

67. Between approximately March 2016 and March 2017, Plaintiff Garcia was paid $700 a week for seventy-two (72) hours of work a week, or $9.72 per hour, which was $0.78 less than the required minimum wage.

68. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff Garcia is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff Garcia prays for a judgment against Defendants as follows:

A. A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B. Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

                                                Respectfully submitted,

Date: May 29, 2018                      /s/Douglas M. Werman
                                                One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312)419-1008
Attorneys for Plaintiff